UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOON HONG *and* MYEONG-KIL KIM,
Plaintiffs,

– against –

JEN DEMBELE FORD,

Defendant.

**ORDER**

24 Civ. 8947 (ER)

Ramos, D.J.:

On November 22, 2024, Plaintiffs Soon Hong and Myong-Kil Kim filed a complaint against Jen Dembele Ford. Doc. 1. Plaintiffs filed a certificate of service, dated December 4, 2024, on December 19, 2024. Doc. 6. There was no activity in this case from that date until September 4, 2025, on which date the Court ordered Plaintiffs to submit a status report by September 11, 2025. Doc. 7. The Court warned that failure to do so could result in a dismissal of the action for failure to prosecute under Rule 41(b). *Id.* By letter dated September 11, 2025, Plaintiffs responded that they intended to file a request for entry of a default judgment. Doc. 8. Since then, no such request has been made. On April 7, 2026, the Court instructed the Plaintiffs to submit a status report by April 14, 2026. Doc. 9. The Court stated that failure to do so "will result in a dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.* Plaintiffs did not file a status report, and there has been no communication from Plaintiffs since the status report dated September 11, 2025. Doc. 8. For the reasons set forth below, the Court now dismisses Plaintiffs' action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I. Standard

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,

> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II. Discussion**

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Plaintiffs have not communicated with the Court since September 11, 2025 nor responded to the Court's April 7, 2026 order. Plaintiffs submitted the September 11, 2025 letter in response to the Court's prior order warning against possible dismissal for failure to prosecute, given that Plaintiffs had taken no action to move the case forward since December 19, 2024. Doc. 6. Thus, Plaintiffs have not taken meaningful action to prosecute this case for almost two years. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Plaintiffs were given clear notice that failure to respond to Court orders would result in dismissal. The Court specifically warned Plaintiff, twice, that "[f]ailure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute." Docs. 7, 9. The latter order unequivocally stated that failure to respond would result in dismissal. Doc. 9.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210. Because Plaintiffs have failed to advance their case for the last twenty-two months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Plaintiffs have not taken advantage of their "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Plaintiffs have ignored a Court order and delayed this case for many months, there are no weaker sanctions that could remedy their failure to prosecute this case. Dismissal is appropriate where, as here, Plaintiffs "appear[] to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Plaintiffs' case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: October 16, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.